OSCN Found Document:Question Submitted by: Oklahoma County District Attorney Vicki Zemp Behenna

 

 
 Question Submitted by: Oklahoma County District Attorney Vicki Zemp Behenna2026 OK AG 8Decided: 05/11/2026ATTORNEY GENERAL OPINIONS
Cite as: 2026 OK AG 8, __ P.3d __

 
ATTORNEY GENERAL OPINION

¶0 This office has received your request for an Attorney General Opinion in which you ask, in effect, the following questions:

1. Does Oklahoma law require the county sheriff to transport inmates between the county jail and the county courthouse for the inmates' court appearances?

2. If the answer to Question #1 is yes, what effect, if any, does the Trust Indenture governing the Oklahoma County Criminal Justice Authority (the "Jail Trust") have on the legal obligations of the Oklahoma County Sheriff? 

I.
SUMMARY

¶1 Under Oklahoma law, a county sheriff has custody of inmates in the county jail and, as such, is obligated to transport them to and from the courthouse as needed for court appearances. In counties that have turned over jail operations to a public trust, the sheriff's jail-related duties are imposed instead upon the public trust, depending on the terms of the trust instrument. In the case of the Jail Trust, the trust indenture explicitly reserved to the Oklahoma County Sheriff the duty to transport inmates to the courthouse and back.

II.
BACKGROUND

¶2 In Oklahoma, "[e]very county, by authority of the board of county commissioners and at the expense of the county, shall have a jail or access to a jail in another county for the safekeeping of prisoners lawfully committed." 57 O.S.2021, § 4119 O.S.2021, § 513see also 57 O.S.Supp.2025, § 47See 2007 OK AG 352004 OK AG 17see also 19 O.S.2021, § 513.2See Tulsa Cnty. Deputy Sheriff's F.O.P., Lodge 188 v. Bd. of Cnty. Comm'rs of Tulsa Cnty., 1998 OK 44959 P.2d 9791 

¶3 In 2019, the Board of County Commissioners for Oklahoma County (the "Board") created the Jail Trust as a title 60 trust, with Oklahoma County as the beneficiary. See Trust Indenture creating The Oklahoma County Criminal Justice Authority, art. I (as amended June 12, 2019) (hereafter, "Trust Indenture"). The Jail Trust's creation was preceded by "a history of serious issues" at the Oklahoma County jail, "including deaths, escapes, overcrowding and maintenance problems," as well as federal oversight by the U.S. Department of Justice. Kayla Branch, Oklahoma County Jail Trust Created to Address Issues, Questions Remain, THE OKLAHOMAN (May 23, 2019). Broadly speaking, the Jail Trust's purposes consist of financing and acquiring property for jail facilities and owning and operating such facilities. See TRUST INDENTURE, art. IV. The Jail Trust is overseen by nine trustees: One Board member, the Oklahoma County Sheriff, one appointee by each of the three Board members, and four appointees chosen by a majority vote of the Board. Id., art. VII. The Jail Trust's chair is chosen by majority vote of the non-elected trustees. Id., art. VII(3).

¶4 Without getting into details of its performance over the past seven years, suffice it to say the Jail Trust faces ongoing scrutiny. See, e.g., Nolan Clay, Oklahoma County Officials Call in 6-1 Vote for Jail Trust to be Disbanded, THE OKLAHOMAN (Mar. 18, 2026). Most recently, the Oklahoma County Sheriff notified the Jail Trust that his deputies would soon discontinue daily transportation of inmates from the Oklahoma County jail to the Oklahoma County courthouse and back for regular court appearances. Richard Mize, Oklahoma County Sheriff to Stop Jail Detainee Transport, THE OKLAHOMAN (Apr. 13, 2026). Given the practical and legal ramifications of any delay in a criminal defendant's appearance before the court, this office prioritized this Opinion to give prompt guidance to the parties involved.

III.
DISCUSSION

¶5 A. The county sheriff is required by statute to transport inmates in his or her custody to and from court appearances. 

¶6 As noted above, by statute a sheriff has custody over inmates in the county jail. 19 O.S.2021, § 513 57 O.S.Supp.2025, § 47See, e.g., 74 O.S.Supp.2025, § 19219 O.S.2021, §§ 5141999 OK AG 14see also 80 C.J.S. Sheriffs and Constables § 67 (Apr. 2026 Update) ("A county sheriff's transportation of prisoners pursuant to court-issued writs, orders, warrants, and judgments of conviction constitutes 'attending on the court.'").

¶7 B. The Trust Indenture did not modify the Oklahoma County Sheriff's duty to transport inmates to the Oklahoma County courthouse and back to the Oklahoma County jail. 

¶8 Where a public trust is created to operate a county jail, the role of the sheriff is less straightforward. Oklahoma law provides that in such situations:

For the purposes of any jail facility . . . every reference in statute or rule to any duty or responsibility imposed upon the sheriff . . . to operate, manage or provide any service to any person in the custody of such facility . . . shall be deemed applicable to and imposed upon the public trust . . . who by contract or otherwise legally operates or manages such jail facility.

¶9 19 O.S.2021, § 513.22004 OK AG 17

¶10 However, a public trust created under title 60 may exercise no greater authority than what is granted in the instrument by which it is created. See 60 O.S.2021, § 177.1

¶11 It is clear from the Trust Indenture that transportation of jail inmates to and from the courthouse, and supervision of inmates while in the courthouse, were intentionally left to the Oklahoma County Sheriff. Article IV of the Trust Indenture sets forth the purposes of the Jail Trust, including several "specific powers or purposes" in furtherance of the "general objective" of owning and operating the Oklahoma County jail. TRUST INDENTURE, art. IV(1). That list of specific powers concludes with this: "The [Jail Trust] will not perform on behalf of [Oklahoma County] any duties that are specifically and exclusively reserved by existing law to a sheriff, jailer, undersheriff, or deputy sheriff[.]" Id., art. IV(1)(g). Then, article IV concludes by specifically excluding from the Jail Trust's purposes (1) custody over inmates at the courthouse detention facility, (2) courthouse security, and (3) "transportation of any inmates or others in custody or in temporary confinement to and from the Oklahoma County Courthouse[.]" Id., art. IV(7) (emphasis added). 2

¶12 In short, under Oklahoma law the Jail Trust cannot engage in activities not specifically authorized by the Trust Indenture. And the Trust Indenture is clear that transportation of inmates between the Oklahoma County courthouse and the Oklahoma County jail is not an authorized activity of the Jail Trust. Accordingly, that duty is left to the Oklahoma County Sheriff and he is statutorily obligated to carry it out. 3

¶13 It is, therefore, the official Opinion of the Attorney General that:

1. Oklahoma law requires the county sheriff to transport inmates in his or her custody to and from court appearances.

2. The Trust Indenture creating The Oklahoma County Criminal Justice Authority did not modify the Oklahoma County Sheriff's legal duty to transport inmates to and from the Oklahoma County courthouse for court appearances.

GENTNER DRUMMONDATTORNEY GENERAL OF OKLAHOMA

ETHAN SHANERDEPUTY GENERAL COUNSEL

FOOTNOTES

1 Aside from the difference in procedure for trust formation, jail trusts created under title 19 differ from those created under title 60 in important ways. For two examples, title 19 trusts (1) are overseen by a board of five specifically identified trustees, chaired by the county sheriff, and (2) exercise only those powers explicitly enumerated in title 19. See 19 O.S.2021, §§ 904.2See 60 O.S.2021, §§ 176

2 In addition, when outlining the Jail Trust's trust estate, the Trust Indenture provides: "The Trust Estate shall under no circumstances consist or be deemed to consist of ... [t]he Oklahoma County Courthouse or its holding/detention areas or facilities." TRUST INDENTURE, art. VI(2).

3 Finally, it is also worth noting that the current sheriff's predecessor was an original trustee for the Jail Trust and, in that capacity, was aware of the terms of the Trust Indenture and accepted these terms on behalf of that office. See TRUST INDENTURE, Preamble, art. XII.